Patrick N. Keegan, Esq. (SBN 167698)
pkeegan@keeganbaker.com
**KEEGAN & BAKER, LLP**
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008
Telephone: (760) 929-9303
Facsimile:  (760) 929-9260

Attorneys for Plaintiffs
Kimberly Chebegia and Kristopher Spear

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

KIMBERLY CHEBEGIA, and
KRISTOPHER SPEAR, individually and
on behalf of all others similarly situated,

Plaintiffs,

vs.

WHIRLPOOL CORPORATION, a
Delaware corporation; DOES 1 through
50, inclusive;

Defendants.

Case No.: **'20 CV 2217 BEN JLB**

**CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE
RELIEF FOR:**

**1.    STRICT LIABILITY:
FAILURE TO WARN;
2.    STRICT LIABILITY:
MANUFACTURING DEFECT;
3.    STRICT LIABILITY: DESIGN
DEFECT-CONSUMER
EXPECTATION;
4.    STRICT LIABILITY: DESIGN
DEFECT-RISK-BENENFIT;
5.    NEGLIGENCE-
MANUFACTURER OR SUPPLIER-
DUTY TO WARN;
6.    NEGLIGENCE: FAILURE TO
RECALL/RETROFIT;
7.    BREACH OF EXPRESS
WARRANTY;
8.    BREACH OF IMPLIED
WARRANTY OF
MERCHANTABILITY;
9.    VIOLATIONS OF 15 U.S.C. §§
2301,
*et seq.*;
10.    VIOLATIONS OF CAL. CIVIL
CODE §§ 1790, *et seq.*;
11.    VIOLATIONS OF CAL. CIVIL
CODE §§ 1750, *et seq.*; AND
12.    VIOLATIONS OF CAL. BUS. &
PROF. CODE §§ 17200, *et seq.*

**JURY TRIAL DEMANDED**

CLASS ACTION COMPLAINT

Plaintiffs Kimberly Chebegia and Kristopher Spear (hereinafter collectively referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, allege upon information and belief as follows:

## INTRODUCTION

1.      This lawsuit alleges claims for relief for Strict Liability: Failure to Warn; Strict Liability: Manufacturing Defect; Strict Liability: Design Defect—Consumer Expectation; Strict Liability: Design Defect—Risk-Benefit; Negligence—Manufacturer or Supplier—Duty to Warn; Negligence: Failure to Recall/retrofit; Breach of Express Warranty; Breach of Implied Warranty of Merchantability; violations of 15 U.S.C. §§ 2301, *et seq.*, violations of Civil Code §§ 1790, *et seq.*; violations of Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and violations of Cal. Civil Code §§ 1750, *et seq.* against Defendant Whirlpool Corporation for the manufacture, distribution and/or sale of combination refrigerator-freezers equipped with defective control panel parts, seeking damages and restitution, including the statutory damages and interest, as well as attorney's fees and costs of this litigation.

## JURISDICTION AND VENUE

2.      This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d)(2) and (6) of the Class Action Fairness Act of 2005 because (i) there are at least 100 members of the Class (defined *infra*), (ii) the combined claims of all Class members exceed $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one member of the Class is a citizen of a state different than at least one defendant.

3.      Venue is proper in the United States District Court for the Central District of California, Southern Division pursuant to 28 U.S.C. §1391(b) because at all times relevant hereto, Defendants and each of them were doing business in this judicial district, and a substantial part of the events giving rise to the claim occurred in this judicial district; and by doing business in this judicial district and committing violations of the Business and Professions Code in this judicial district, Defendants'

conduct has had an adverse effect upon the finances of residents of this judicial district.

## PARTIES

4.    Plaintiff Kimberly Chebegia (or "Mrs. Chebegia") is a citizen of the state of California.   Mrs. Chebegia purchased and accepted delivery of a new KitchenAid Refrigerator, Model No. KRFF707ESS01 (S/N K64306682), in her home in California on or about November 14, 2016.  After taking delivery, Mrs. Chebegia contacted Whirlpool customer service for Defendants to repair her Class Refrigerator and informed Defendants of the ice accumulation issue she was having with her Class Refrigerator.  This contact put Defendants on notice of Mrs. Chebegia's claim for a defect in her Class Refrigerator.   Defendants' customer service representative scheduled a service call with an authorized service provider, and the repairperson confirmed that ice had accumulated. Since taking delivery, her refrigerator's "cntrl-elec" (Org. Manu. No. W10665178/Current Manu. No. **W10830278**) failed and was diagnosed for a fee of $69.00 paid by Mrs. Chebegia on or about September 22, 2020.

5.    Plaintiff Kristopher Spear (or "Mr. Spear") is a citizen of the state of California.   Mr. Spear purchased and accepted delivery of a new KitchenAid Refrigerator, Model No. KRFF707ESS01 (S/N K84700802), in his home in California on or about January 31, 2019.  After taking delivery, Mr. Spear contacted Whirlpool customer service for Defendants to repair his Class Refrigerator and informed Defendants of the ice accumulation issue he was having with his Class Refrigerator.  This contact put Defendants on notice of Mr. Spear's claim for a defect in his Class Refrigerator.  Defendants' customer service representative scheduled a service call with an authorized service provider, and the repairperson confirmed that ice had accumulated.  Since taking delivery, his refrigerator's "cntrl-elec" (Org. Manu. No. W10665178/Current Manu. No. **W10830278**) has failed and been replaced on January 28, 2020, May 29, 2020, and September 21, 2020; its other "cntrl-elec" (Org. Manu. No. W10635302, W10790783, W10814803, W11113852 or

W11185975)/Current Manu. No. **W10830288**) has failed and been replaced on January 28, 2020 and September 21, 2020; its "panel-ui" (Org. Manu. No. W10838861)/Current Manu. No. **W11089930**) has failed and been replaced on January 28, 2020; and its "thermistor" (Org. Manu. No. AP4538142, 12791417, 12791417SP, 12791419SP, W10280385, W10280386, W10308052, W10323459, W10438639, W10438761, W10452402 or WPW10323459/Current Manu. No. **W10316760**) has failed and been replaced on September 21, 2020.  Mr. Spears has paid a out-of-pocket fee of $75.00 for such repairs occurring on September 21, 2020.

6.    Defendant Whirlpool Corporation (NYSE: WHR) (or "Whirlpool") is a Delaware corporation, who is registered to do business in California as a foreign corporation.  Whirlpool represents, in its 2019 Form 10-K filed with the U.S. Securities and Exchange Commission, that, "In the United States, we market and distribute major home appliances and small domestic appliances primarily under the Whirlpool, Maytag, KitchenAid, JennAir, Amana, Roper, Admiral, Affresh and Gladiator brand names primarily to retailers, distributors and builders."  Whirlpool further represents in its 2019 Form 10-K that, "Whirlpool Corporation, a Delaware corporation, manufactures products in 13 countries and markets products in nearly every country around the world under brand names such as Whirlpool, KitchenAid, Maytag, Consul, Brastemp, Amana, Bauknecht, JennAir, Indesit and Hotpoint*."  Whirlpool further represents in its 2019 Form 10-K that, "We have been and may be exposed to product-related liabilities, which in some instances may result in product redesigns, product recalls, or other corrective action." Whirlpool further represents in its 2019 Form 10-K that, "We use a wide range of materials and components in the global production of our products, which come from numerous suppliers around the world."

7.    Defendants DOES 1 through 25 inclusive participated in or controlled the design, sale, manufacture, and distribution of said Control Panels and/or are Defendants' alter egos. Plaintiffs are ignorant of the true names and/or capacities of

DOES 1 through 25 and will seek leave to name them in this case if and when Plaintiffs ascertain their names and capacities.

8.     Defendants DOES 26 through 50 inclusive are manufacturers and distributors of Control Panels sold and distributed in California. Plaintiff is ignorant of the true names and/or capacities of DOES 26 through 50 and will seek leave to name them in this case if and when Plaintiffs ascertain their names and capacities.

9.     The true names and capacities of Defendants DOES 1 through 50 are unknown to Plaintiff, and Plaintiff will seek leave of court to amend this complaint to allege such names and capacities as soon as they are ascertained. Each of the Defendants herein was the agent, joint venturer, or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, each was acting in the course and scope of said agency, employment or joint venture with advance knowledge of, acquiescence in or subsequent ratification of the acts of each and every other remaining defendant. Each of Defendants 1 through 50 is responsible, legally, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiffs and the Class as hereinafter alleged, either through co-defendants' conduct or through the authorized and/or ratified conduct of its agents, servants or employees or in some other manner.

10.     Whirlpool, DOES 1 through 25, and DOES 26 through 50 are collectively referred to herein as "Defendants."

## CLASS ACTION ALLEGATIONS

11.     Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated.  Specifically, Plaintiffs seek to represent, and are members of the proposed Class, defined as follows:

> All persons in the United States and its territories who (a) purchased and took delivery of one of Class Refrigerators, defined as refrigerator-freezer models identified in Exhibit 1 to this Complaint, (b) acquired one of the Class

CLASS ACTION COMPLAINT

Refrigerators as part of the purchase or remodel of a home, or (c) received as a gift, from a donor meeting requirements (a) or (b), one of the Class Refrigerators not used by the donor or by anyone else after the donor purchased the Class Refrigerator and before the donor gave one of the Class Refrigerators to such person (the "Class") at any time commencing four years prior to the filing date of this Complaint through the date of trial (the "Class Period").  Defendants and their respective directors, officers, employees, legal representatives, and/or agents are excluded from the Class.

12.    Plaintiffs reserve the right to redefine the Class and/or define sub-classes as warranted, and as additional facts are learned as a result of further investigation and discovery.

13.    There is sufficient numerosity of Class members to certify this action as a Class so as to promote the expeditious, judicially economical and practical adjudication of this matter on behalf of all members of the Class whose individual claims are too numerous and impractical to litigate individually.   Joinder of the unnamed Class members on an individual basis would be impracticable in light of their number and their locations throughout the United States of America.

14.    Reasonably available means of identifying class members (at the appropriate time following class certification) exist.

15.    There is a well-defined community of interest in the question of law and fact involving Plaintiffs and the Class.  The questions of law and fact to the Class predominates over questions which may affect individual Class members, including the following:

a. Whether the Class Refrigerators and/or the Control Panels (defined *infra*) are defective;

b. Whether the the Control Panels have an impeded useful life;

c. Whether the Class Refrigerators and/or the Control Panels serve their intended purposes;

d. Whether the Control Panels impede the useful lives of the Class Refrigerators;

e. Whether the Control Panels cause damage to other components;

f. Whether Defendants had a duty to disclose the defective nature of the Control Panels;

g. Whether Defendants are responsible for the costs and expenses of repairing and replacing the defective Control Panels, including applicable labor costs;

h. Whether Defendants breached the implied warranty of merchantability;

i. Whether Defendants breached their express warranties; and

j. Whether Defendants engaged in unfair, unlawful, and fraudulent acts.

16. The named Plaintiffs' claims are typical of those of the Class.

17. The named Plaintiffs can fairly and adequately represent the Class because they are Class members, have claims that are typical of the Class, and they have no interests antagonistic to the Class. There are no predominately unique or individualized defenses anticipated in this action that might be asserted against Plaintiffs individually, as distinguished from the Class.

18. Plaintiffs have retained counsel who are competent, qualified, and experienced in large class actions, multiparty complex cases and product defect cases, and there is no reason why they cannot adequately represent the Class. Plaintiffs have incurred and, during the pendency of this action, will incur expenses for attorneys' fees and costs herein. Such attorneys' fees and costs are necessary for the prosecution of this action and will result in a benefit to the Class. This action will result in the enforcement of important rights supported by strong public policy affecting the public interest, conferring a significant benefit to the general public and a large class of persons.

19.    A class action is a superior method for the fair and efficient adjudication of this controversy since the damage to each victim is relatively small, making it economically infeasible to pursue lawful remedies other than by a class action.

20.    Additionally, Defendants and each of them have acted on grounds generally applicable to all members of the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## ADDITIONAL FACTUAL ALLEGATIONS

21.    Defendants designed, manufactured and/or sold combination refrigerator-freezers equipped with control panel parts, including "cntrl-elec" (Org. Manu. No. W10665178/Current Manu. No. **W10830278**) and "cntrl-elec" (Org. Manu. No. W10635302, W10790783, W10814803, W11113852 or W11185975)/Current Manu. No. **W10830288**) ("Control Panels"). Defendants designed, created product materials for, designed instructions for, caused the manufacture of, marketed, advertised, distributed and sold refrigerator-freezer models equipped with the Control Panels ("Class Refrigerators"), and Plaintiffs and the Class purchased one of the Class Refrigerators with the Control Panels in them during the Class Period.

22.    Exhibit 1 to this Complaint lists the refrigerator-freezer models that were designed, manufactured, marketed, advertised, distributed and sold with the Control Panels and purchased by Plaintiffs and the Class members during the Class Period. Defendants are in possession of part numbers, UPCs, descriptions, and/or representations of additional Class Refrigerators that Plaintiffs may use to supplement the list of refrigerator-freezer models containing Control Panels in an amended complaint.

23.    The Control Panels are defective in that their premature failure and/or malfunction causes (i) the defrost function to fail; (ii) ice to accumulate on the outside of the Class Refrigerators' doors, which if left to continue, the ice build up will prevent the doors from closing, and resulting in leaks to areas within, below, and

surrounding the Class Refrigerators; and (iii) an impediment to the useful life of Class Refrigerators. The Control Panels' defects also damage and impede the useful life of other components in Class Refrigerators including, but not limited to, the evaporator coils, panels, and/or thermistors, and homes including, but not limited to, places near and around one of the Class Refrigerators.  The Control Panels fail in performing their intended purposes as a result of their defects. The Control Panels' defects also cause other components in Plaintiffs' Class Refrigerators, including but not limited to its evaporator coils and/or defrost function, to fail to perform their intended purposes.

24.     Defendants knew or reasonably should have known that the Control Panels are defective in that their failure causes the defrost function to fail; causes ice accumulates on the outside of the Class Refrigerators' doors, and if left to continue, the ice build up will prevent the doors from closing and resulting in leaks to areas within below and surrounding the Class Refrigerators; and have impeded the useful life of Class Refrigerators. Defendants knew or reasonably should have known that the Control Panels' defects also damage and impede the useful life of other components in Class Refrigerators and homes including, but not limited to, the evaporator coils, panels, thermistors, and/or home interior near and around the leaking Class Refrigerators.  Defendants knew or reasonably should have known that the Control Panels fail in performing their intended purposes as a result of their defects. Defendants knew or reasonably should have known that the Control Panels' defects also cause other components in Plaintiffs' Class Refrigerators, including but not limited to its evaporator coils and/or defrost function, to fail their intended purposes.

25.     Due to their faulty, defective, and careless design, as described herein, the Control Panels do not operate properly under normal conditions. The Control Panels cause a build-up of ice and excess water outside of the Class Refrigerators.

CLASS ACTION COMPLAINT

26.    The defective Control Panels cause damage to and necessitate costly repairs to the Class Refrigerators themselves. The build-up of ice and excess water outside of the Class Refrigerators caused by the defective Control Panels also cause damage to and necessitate costly repairs to other property in the surrounding area, including but not limited to floors, baseboards, walls, kitchen cabinetry and other appliances in the vicinity. There is also a risk of food spoiling while the Class Refrigerators are out of commission due to the failure of the Control Panels and repairs necessitated thereby. In addition, the build-up of ice and excess water outside of the Class Refrigerators caused by the Control Panels' defects also pose a risk of serious physical injuries such as the risks of slipping and electrical shock when leaking in the vicinity of electrical cabling, outlets and other appliances.

27.    The Control Panels continue to fail and are unreliable, necessitating repairs, damaging and posing the risk of damaging other property, risking serious physical injuries and causing Plaintiffs and the Class to incur substantial costs.

28.    Hundreds, if not thousands, of purchasers of Class Refrigerators are equipped with Defendants' defective Control Panels, exposing all of them to injuries, including but not limited to financial injuries incurred to repair and replace components in the Class Refrigerators, financial injuries incurred to replace food due to the Class Refrigerators not operating properly and/or non-functioning, financial injuries to repair and replace other property damaged by build-up of ice and excess water outside of the Class Refrigerators caused by the Control Panels' defects, and physical injuries due to hazards such as slipping and electrical shock.

29.    Defendants knew or reasonably should have known about the Control Panels defects through internal reports and/or sources not available to the public or consumers, e.g. direct consumer complaints about ice build-up and excess water outside of the Class Refrigerators made to Defendants, warranty reimbursement requests and repair orders for replacement of the Control Panels in Class Refrigerators, Defendants' testing conducted in response to warranty reimbursement

CLASS ACTION COMPLAINT

requests and repair orders for replacement of the Control Panels in Class Refrigerators, replacement part sales data, and other internal sources of aggregate information about the such defects.

30.   Defendants knew or reasonably should have known about the Control Panels' defects, but chose not to inform the public, the Plaintiffs or the Class before their purchases about these defects and risks and not to issue a recall on the Class Refrigerators, all in order to increase Defendants' profits.

31.   The existence of the Control Panels defects are a material fact that a reasonable consumer would consider important when deciding whether to purchase one of Class Refrigerators. Had Plaintiffs known that their refrigerator-freezers were equipped with defective Control Panels, they would not have purchased their refrigerator-freezers.

32.   Consumers, like Plaintiffs, reasonably expect that their Class Refrigerators' component parts, including the Control Panels, are free of defects and will function in a manner that will not cause damage. Plaintiffs and Class further reasonably expected that Defendants would not manufacture, market, distribute, and/or sell the Class Refrigerators and/or the Control Panels with known defects, and would disclose any such defects when known.

33.   Plaintiffs and the Class have suffered and/or has been in danger of suffering injury and/or significant property damage and/or physical harm due to the Control Panels.

34.   The cost of the replacement of the Control Panels and repairs for the damages caused by the Control Panels are significant, and cost hundreds of dollars.

### FIRST CLAIM FOR RELIEF
**Strict Liability—Failure to Warn**
**(On Behalf of Plaintiffs and the Class Against Defendants)**

35.   Plaintiffs hereby incorporate by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

36.  Defendants manufactured, distributed, and/or sold the Class Refrigerators containing the Control Panels as component parts of the Class Refrigerators.  Additionally, Defendants manufactured, distributed, and/or supplied the Control Panels, which were integrated into the Class Refrigerators, and substantially participated in the integration of the Control Panels into the design of the Class Refrigerators.

37.  The Class Refrigerators and/or the Control Panels were defective due to inadequate warnings or instruction for use, both prior to marketing and post-marketing.

38.  The Class Refrigerators and/or the Control Panels had risks that were known or knowable in light of the scientific knowledge that was generally accepted at the time of manufacture, distribution, and/or sale.

39.  The risks in the Class Refrigerators and/or the Control Panels presented a substantial danger when the Control Panels were used or misused in an intended or reasonably foreseeable way.

40.  Ordinary consumers would not have recognized the potential risks.

41.  Defendants knew or reasonably should have known that the Class Refrigerators and/or the Control Panels created significant risks to consumers.

42.  Defendants failed to adequately warn consumers of such risks.

43.  Plaintiffs and the Class suffered harm, damages and economic losses, and Plaintiffs and the Class will continue to suffer such harm, damages and economic loss in the future.

44.  Defendants' conduct was a substantial factor in causing and proximately caused Plaintiffs' and the Class' harm, damages and economic losses.

45.  Defendants' conduct was gross, reckless, and in bad faith or willful disregard of the rights and interest of Plaintiffs and the Class. Defendants acted intentionally, maliciously, and oppressively, with a willful and conscious disregard of

the rights of Plaintiffs and the Class, so as to constitute oppression, fraud, or malice under the law.

### SECOND CLAIM FOR RELIEF
### Strict Liability—Manufacturing Defect
### (On Behalf of Plaintiffs and the Class Against Defendants)

46.    Plaintiffs hereby incorporate by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

47.    Defendants manufactured, distributed, and/or sold the Class Refrigerators containing the Control Panels as component parts of the Class Refrigerators.  Additionally, Defendants manufactured, distributed, and/or supplied the Control Panels, which were integrated into the Class Refrigerators, and substantially participated in the integration of the Control Panels into the design of the Class Refrigerators.

48.    The Class Refrigerators and/or the Control Panels contained a manufacturing defect when they left Defendants' possession.

49.    Plaintiffs and the Class suffered harm, damages and economic losses, and Plaintiffs and the Class will continue to suffer such harm, damages and economic loss in the future.

50.    The Class Refrigerators' defects, and each of them, and/or the Control Panels' defects, and each of them, were a substantial factor in causing and proximately caused Plaintiffs' and the Class' harm, damages and economic losses.

51.    Defendants' conduct was gross, reckless, and in bad faith or willful disregard of the rights and interest of Plaintiffs and the Class. Defendants acted intentionally, maliciously, and oppressively, with a willful and conscious disregard of the rights of Plaintiffs and the Class, so as to constitute oppression, fraud, or malice under the law.

/ / /

/ / /

CLASS ACTION COMPLAINT

### THIRD CLAIM FOR RELIEF
**Strict Liability—Design Defect—Consumer Expectation**
**(On Behalf of Plaintiffs and the Class Against Defendants)**

52.     Plaintiffs hereby incorporate by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

53.     Defendants manufactured, distributed, and/or sold the Class Refrigerators containing the Control Panels as component parts of the Class Refrigerators.  Additionally, Defendants manufactured, distributed, and/or supplied the Control Panels, which were integrated into the Class Refrigerators, and substantially participated in the integration of the Control Panels into the design of the Class Refrigerators.

54.     The Class Refrigerators and/or the Control Panels did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way.

55.     Plaintiffs and the Class suffered harm, damages and economic losses, and Plaintiffs and the Class will continue to suffer such harm, damages and economic loss in the future.

56.     The Class Refrigerators' and/or the Control Panels' failure to perform safely was a substantial factor in causing and proximately caused Plaintiffs' and the Class' harm, damages and economic losses.

57.     Defendants' conduct was gross, reckless, and in bad faith or willful disregard of the rights and interest of Plaintiffs and the Class. Defendants acted intentionally, maliciously, and oppressively, with a willful and conscious disregard of the rights of Plaintiffs and the Class, so as to constitute oppression, fraud, or malice under the law.

/ / /

/ / /

/ / /

# FOURTH CLAIM FOR RELIEF
## Strict Liability—Design Defect—Risk-Benefit
### (On Behalf of Plaintiffs and the Class Against Defendants)

58.     Plaintiffs hereby incorporate by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

59.     Defendants manufactured, distributed, and/or sold the Class Refrigerators containing the Control Panels as component parts of the Class Refrigerators.  Additionally, Defendants manufactured, distributed, and/or supplied the Control Panels, which were integrated into the Class Refrigerators, and substantially participated in the integration of the Control Panels into the design of the Class Refrigerators.

60.     Plaintiffs and the Class suffered harm, damages and economic losses, and Plaintiffs and the Class will continue to suffer such harm, damages and economic loss in the future.

61.     The Class Refrigerators' design and/or the Control Panels' design was a substantial factor in causing and proximately caused Plaintiffs' and the Class' harm, damages and economic losses.

62.     The benefits of the Class Refrigerators' design and/or the Control Panels' design outweigh the risks of the design.

63.     Defendants' conduct was gross, reckless, and in bad faith or willful disregard of the rights and interest of Plaintiffs and the Class. Defendants acted intentionally, maliciously, and oppressively, with a willful and conscious disregard of the rights of Plaintiffs and the Class, so as to constitute oppression, fraud, or malice under the law.

/ / /

/ / /

/ / /

/ / /

## FIFTH CLAIM FOR RELIEF
### Negligence—Manufacturer or Supplier—Duty to Warn
### (On Behalf of Plaintiffs and the Class Against Defendants)

64.     Plaintiffs hereby incorporate by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

65.     Defendants manufactured, distributed, and/or sold the Class Refrigerators containing the Control Panels as component parts of the Class Refrigerators.  Additionally, Defendants manufactured, distributed, and/or supplied the Control Panels, which were integrated into the Class Refrigerators, and substantially participated in the integration of the Control Panels into the design of the Class Refrigerators.

66.     Defendants knew or reasonably should have known that the Class Refrigerators and/or the Control Panels were dangerous or were likely to be dangerous when used or misused in a reasonably foreseeable manner.

67.     Defendants knew or reasonably should have known that Plaintiffs and the Class would not realize the danger.

68.     Defendants failed to adequately warn of the danger.

69.     A reasonable manufacturer, distributor and/or seller under the same or similar circumstances would have warned of the danger.

70.     Plaintiffs and the Class suffered harm, damages and economic losses, and Plaintiffs and the Class will continue to suffer such harm, damages and economic loss in the future.

71.     Defendants' failure to warn was a substantial factor in causing and proximately caused Plaintiffs' and the Class' harm, damages and economic losses.

72.     Defendants' conduct was gross, reckless, and in bad faith or willful disregard of the rights and interest of Plaintiffs and the Class. Defendants acted intentionally, maliciously, and oppressively, with a willful and conscious disregard of

the rights of Plaintiffs and the Class, so as to constitute oppression, fraud, or malice under the law.

### SIXTH CLAIM FOR RELIEF
**Negligence— Failure To Recall/Retrofit**
**(On Behalf of Plaintiffs and the Class Against Defendants)**

73.    Plaintiffs hereby incorporate by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

74.    Defendants manufactured, distributed, and/or sold the Class Refrigerators containing the Control Panels as component parts of the Class Refrigerators.  Additionally, Defendants manufactured, distributed, and/or supplied the Control Panels, which were integrated into the Class Refrigerators, and substantially participated in the integration of the Control Panels into the design of the Class Refrigerators.

75.    Defendants knew or reasonably should have known that the Class Refrigerators and/or the Control Panels were dangerous or were likely to be dangerous when used in a reasonably foreseeable manner.

76.    Defendants became aware of the Class Refrigerators' defects and/or the Control Panels' defects after the Class Refrigerators containing the Control Panels were sold.

77.    Defendants failed to recall/retrofit and/or warn of the danger of the Class Refrigerators and/or the Control Panels.

78.    A reasonable manufacturer, distributor and/or seller under the same or similar circumstances would have recalled/retrofitted and/or warned of the danger.

79.    Plaintiffs and the Class suffered harm, damages and economic losses, and Plaintiffs and the Class will continue to suffer such harm, damages and economic loss in the future.

80.    Defendants' failure to recall/retrofit and/or failure to warn was a substantial factor in causing and proximately caused Plaintiffs' and the Class' harm, damages and economic losses.

81.    Defendants' conduct was gross, reckless, and in bad faith or willful disregard of the rights and interest of Plaintiffs and the Class. Defendants acted intentionally, maliciously, and oppressively, with a willful and conscious disregard of the rights of Plaintiffs and the Class, so as to constitute oppression, fraud, or malice under the law.

## SEVENTH CLAIM FOR RELIEF
### Breach of Express Warranty
### (On Behalf of Plaintiffs and the Class Against Defendants)

82.    Plaintiffs hereby incorporate by this reference each and every preceding paragraph of this complaint as if fully set forth herein

83.    Defendants made written and/or expressed warranties that the Class Refrigerators were free of defects such that they would properly perform as intended and published factual descriptions of the essential functions, expected performance and expected useful life of the Class Refrigerators, in their user guides, sales materials and websites.

84.    The Class Refrigerators and/or the Control Panels contained defects, were not fit for the ordinary purposes for which such goods are used, and did not perform as promised.

85.    Plaintiffs and the Class took reasonable steps to notify Defendants within a reasonable time of discovery that their Class Refrigerators were not as represented, were not fit for the ordinary purposes for which such goods are used, and/or did not perform as promised, whether or not Defendants received such notice.

86.    Defendants failed to repair Plaintiffs' and the Class' Class Refrigerators as required by its written warranties.

87.     Plaintiffs and the Class suffered harm, damages and economic losses, and Plaintiffs and the Class will continue to suffer such harm, damages and economic loss in the future.

88.     The failure of the Class Refrigerators and/or the failure of the Control Panels were a substantial factor in causing and proximately caused Plaintiffs' and the Class' harm, damages and economic losses.

89.     Defendants' conduct was gross, reckless, and in bad faith or willful disregard of the rights and interest of Plaintiffs and the Class. Defendants acted intentionally, maliciously, and oppressively, with a willful and conscious disregard of the rights of Plaintiffs and the Class, so as to constitute oppression, fraud, or malice under the law.

## EIGHTH CLAIM FOR RELIEF
### Breach of Implied Warranty of Merchantability
### (On Behalf of Plaintiffs and the Class Against Defendants)

90.     Plaintiffs hereby incorporate by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

91.     Plaintiffs and the Class purchased Class Refrigerators from Defendants.

92.     At the time of Plaintiffs' and the Class' purchases, Defendants were in the business of selling the Class Refrigerators.

93.     The Class Refrigerators and/or the Control Panels contained defects, were not fit for the ordinary purposes for which such goods are used, and did not perform as promised.

94.     Plaintiffs and the Class took reasonable steps to notify Defendants within a reasonable time of discovery that their Class Refrigerators were not as represented, were not fit for the ordinary purposes for which such goods are used, and/or did not perform as promised.

95.     Defendants failed to repair Plaintiffs' and the Class' Class Refrigerators as required by its written warranties.

96.     Plaintiffs and the Class suffered harm, damages and economic losses, and Plaintiffs and the Class will continue to suffer such harm, damages and economic loss in the future.

97.     The failure of the Class Refrigerators and/or the Control Panels to have the expected quality was a substantial factor in causing and proximately caused Plaintiffs' and the Class' harm, damages and economic losses.

98.     Defendants' conduct was gross, reckless, and in bad faith or willful disregard of the rights and interest of Plaintiffs and the Class. Defendants acted intentionally, maliciously, and oppressively, with a willful and conscious disregard of the rights of Plaintiffs and the Class, so as to constitute oppression, fraud, or malice under the law.

## NINTH CLAIM FOR RELIEF
**Violations of Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq.**
**(On Behalf of Plaintiffs and the Class Against Defendants)**

99.     Plaintiffs hereby incorporate by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

100.   The subject Class Refrigerators and their Control Panels are "consumer products," as defined in the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

101.   Plaintiffs and the Class are "consumers," as defined in the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

102.   Defendants are "suppliers" and "warrantors," as defined in the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4) and (5).

103.   Defendants provided Plaintiffs and the Class with "implied warranties" as defined in the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(7).

104.   Defendants breached these implied warranties as described herein, including, but not limited to, Defendants' manufacture of defective Control Panels which caused damages to Plaintiffs and the Class. Said damages include, but are not

limited to, the diminished value of Plaintiffs' and the Class' Class Refrigerators and/or real property.

105.   Defendants warranted that the Class Refrigerators were fit for their ordinary use of refrigerating and freezing food as designed, manufactured, and marketed, and were adequately packaged and labeled. Defendants' Class Refrigerators share common defects in that they contain Control Panels that The Control Panels are defective in that their premature failure and/or malfunction causes (i) the defrost function to fail; (ii) ice to accumulate on the outside of the Class Refrigerators' doors, and if left to continue, the ice build up will prevent the doors from closing and resulting in leaks to areas within below and surrounding the Class Refrigerators; and (iii) an impediment to the useful life of Class Refrigerators. The Control Panels' defects also damage and impede the useful life of other components in Class Refrigerators and homes including, but not limited to, the evaporator coils, panels, thermistors, and/or home interior near and around the leaking Class Refrigerators.  The Control Panels fail in performing their intended purposes as a result of their defects. The Control Panels' defects also cause other components in Plaintiffs' Class Refrigerators, including but not limited to its evaporator coils and/or defrost function, to fail their intended purposes.

106.   By Defendants' conduct as described herein, including Defendants' knowledge of the defects inherent in the Control Panels, and their action and inaction while knowing of the defects, Defendants failed to comply with their obligations under their written and implied promises, warranties, and representations.

107.   As warrantors, and by the conduct described herein, Defendants improperly attempted to limit their implied warranties to exclude coverage for the defective Control Panels and made it next to impossible to determine which, if any, express warranties applied to their products. Said conduct was unconscionable, and any such effort to disclaim or otherwise limit liability for the defectives in the Control Panels is null and void.

108.   Plaintiffs and the Class are intended third-party beneficiaries of contracts between Defendants and merchants, retailers, contractors, and/or installers of Defendants' Class Refrigerators, including the implied warranties therefor, such that direct privity of contract is not required. Merchants, retailers, contractors, and/or installers are not the intended end-users or consumers of Defendants' Class Refrigerators.  Defendants' Class Refrigerators and accompanying warranties are for the benefit of end-users and consumers such as Plaintiffs and the Class.

109.  The Control Panels are dangerous instrumentalities due to the aforementioned defects and nonconformities alleged herein such that direct privity of contract between the parties is not required.

110.  Pursuant to 15 U.S.C. § 2310(e), notice to Defendants with an opportunity to cure on behalf of the Class is not yet required for Plaintiffs to bring this Class Action.

111.  Defendants failed to remedy the defective Control Panels and/or reimburse for out-of-pocket expenses incurred due to the defectives in the Control Panels despite Plaintiffs' and the Class' complaints and/or service calls, such that compliance with any informal dispute procedure is excused as futile. Compliance with any informal dispute procedure is further excused as futile because Defendants were aware that the Control Panels would not perform as warranted and yet continued to place their Class Refrigerators in the marketplace without remedy or any disclosure of their defects.

112.  As a result of Defendants' breach of implied warranties, Plaintiffs and the Class are entitled to revoke their acceptance of the Class Refrigerators equipped with Control Panels, obtain damages and equitable relief, and obtains costs pursuant to 15 U.S.C. § 2310(d).

113.  Further, Plaintiffs and the Class are entitled to equitable relief under 15 U.S.C. § 2310(d)(1). Based on Defendants' continuing failure to fix the known dangerous defects, Plaintiffs seeks a declaration that Defendants have not adequately

implemented their recall commitments and requirements and general commitments to fix their failed processes, and injunctive relief in the form of judicial supervision over the recall process is warranted. Plaintiffs also seek the establishment of a Defendant-funded program for Plaintiffs and the Class to recover out-of-pocket costs incurred, as discussed above.

**TENTH CLAIM FOR RELIEF**
**Violations of Song-Beverly Consumer Warranty Act,**
**Cal. Civil Code §§ 1790, *et seq*.**
**(On Behalf of Plaintiffs and the Class Against Defendants)**

114.   Plaintiffs hereby incorporate by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

115.   Plaintiffs and the Class purchased Class Refrigerators from, distributed by, and/or manufactured by Defendants.

116.   Defendants made written and/or expressed warranties that the Class Refrigerators were free of defects such that they would properly perform as intended and published factual descriptions of the essential functions, expected performance and expected useful life of the Class Refrigerators, in their user guides, sales materials and websites.

117.   The Class Refrigerators and/or the Control Panels contained defects, were not fit for the ordinary purposes for which such goods are used, and did not perform as promised.

118.   Plaintiffs and the Class took reasonable steps to notify Defendants within a reasonable time of discovery that their Class Refrigerators were not as represented, were not fit for the ordinary purposes for which such goods are used, and/or did not perform as promised.

119.   Defendants failed to repair Plaintiffs' and the Class' Class Refrigerators as required by its written warranties after a reasonable number of opportunities.

120.    Defendants reimburse Plaintiffs and the Class an amount of money equal to the purchase price of their Class Refrigerators, less the value of their use, if any, before discovering the defects.

121.    Plaintiffs and the Class suffered harm, damages and economic losses, and Plaintiffs and the Class will continue to suffer such harm, damages and economic loss in the future.

122.    Plaintiffs and the Class are entitled under the Song-Beverly Consumer Warranty Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

123.    Plaintiffs and the Class are also entitled to, in addition to the amounts recoverable under the Song-Beverly Consumer Warranty Act, a civil penalty of up to two times the amount of actual damages in that the Defendants have willfully failed to comply with its responsibilities under the the Song-Beverly Consumer Warranty Act.

### ELEVENTH CLAIM FOR RELIEF
**Violations of Consumers Legal Remedies Act, Cal. Civil Code §§ 1750, *et seq*.**
**(On Behalf of Plaintiffs and the Class Against Defendants)**

124.    Plaintiffs hereby incorporate by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

125.    All new Class Refrigerators are "goods" as defined in Cal. Civil Code §§ 1761(a), 1761(b), and 1770.

126.    Plaintiffs and the Class are "consumers" as defined in Cal. Civil Code § 1761(d), and Plaintiffs, Class Members, and Defendants are "persons" as defined in Cal. Civil Code §§ 1761(c) and 1770.

127.    The sale and acceptance of delivery of one of the Class Refrigerators by Plaintiffs and the Class are "transactions" within the meaning of Cal. Civil Code § 1761(e).

128.   In purchasing and accepting delivery of one of the Class Refrigerators, Plaintiffs and the Class were deceived by Defendants' failure to disclose that the Class Refrigerators equipped with Control Panels contained defects, were not fit for the ordinary purposes for which such goods are used, and would not perform as promised.

129.   Defendants' conduct, as described above, was and is in violation of the CLRA in at least the following respects:

a. Cal. Civ. Code § 1770(a)(2): Defendants represented that the Class Refrigerators have source, sponsorship, approval, or certification which they do not have;

b. Cal. Civ. Code § 1770(a)(5): Defendants represented that the Class Refrigerators have characteristics, uses, and benefits which they do not have;

c. Cal. Civ. Code § 1770(a)(7): Defendants represented that the Class Refrigerators were of a particular standard, quality or grade, when they are of another; and

d. Cal. Civ. Code § 1770(a)(9): Defendants advertised the Class Refrigerators with an intent not to sell them as advertised.

130.   Defendants' conduct, as described above, constitute material omissions or misrepresentations as to the characteristics of new, Class Refrigerators, calculated to induce, and in fact inducing, a false belief that new, Class Refrigerators were free from defects, were fit for the ordinary purposes for which such goods are used, and would perform as promised, which Defendants knew was not true.  Additionally, the facts concealed and omitted by Defendants to Plaintiffs and Class members are material in that a reasonable consumer would have considered them to be important in deciding whether to accept of delivery of one of the Class Refrigerators and/or purchase one of the Class Refrigerators or pay a lower price.  Plaintiffs have suffered injury-in-fact and actual damages resulting from Defendants' material omissions because had they known that the Class Refrigerators equipped with Control Panels

contained defects, they would not have accepted of delivery of one of the Class Refrigerators or purchased one of the Class Refrigerators or would have paid less for one of them.

131.   As a result of Defendants' above described conduct and their purchase of the Class Refrigerators, Plaintiffs and the Class have suffered damages from the use or employment of a "method, act, or practice" made unlawful by Cal. Civil Code § 1770.

132.   Pursuant to the provision of Cal. Civil Code § 1780(a)(2), Plaintiffs and the Class seek injunctive relief in the form of an order enjoining and requiring Defendants to correct their wrongful practices and to publicizing a notice of the corrective action to rectify and stop these wrongful practices.

133.   Pursuant to the provisions of Cal. Civil Code § 1780(e), Plaintiffs and the Class seek recovery of attorneys' fees and costs of litigation.

## TWELVTH CLAIM FOR RELIEF
### Violations of Cal. Business & Professions Code §§ 17200, *et seq.*
### (On Behalf of Plaintiffs and the Class Against Defendants)

134.   Plaintiffs hereby incorporate by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

135.   The acts, omissions, and practices of Defendants as alleged herein constitute "unlawful" and "unfair" business acts and practices within the meaning of California Business & Professions Code §§ 17200, *et seq.*

136.   Defendants have engaged in "unlawful" business acts and practices by the aforementioned violations of 15 U.S.C. §§ 2301, *et seq.*, Cal. Civil Code §§ 1790, *et seq.* and Cal. Civil Code §§ 1750, *et seq.* Plaintiffs reserve the right to allege other violations of law which constitute unlawful acts or practices.

137.   Defendants have also engaged in "unfair" business acts or practices in that the harm caused by Defendants' wrongful conduct alleged above outweighs the utility of such conduct and such conduct offends public policy, is immoral,

unscrupulous, unethical, deceitful and offensive, causes substantial injury to Plaintiffs and the Class, and provides Defendants with an unfair competitive advantage over those persons who design, manufacture, market, advertise, distribute and sell refrigerator-freezers that abide by the law.

138.   As a result of Defendants' forementioned acts and practices, Plaintiffs have suffered an injury in fact resulting in a loss of money and/or property because they purchased their Class Refrigerators and paid additional sums for repairs to and/or repair services and/or for extended warrenties for their Class Refrigerators after their purchases.   Additionally, Plaintiffs have suffered an injury in fact by acquiring less in their transactions with Defendants by their purchases of their Class Refrigerators.

139.   Defendants have also engaged in "fraudulent" business acts or practices because the facts concealed and omitted by Defendants to Plaintiffs and Class members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the Class Refrigerators or pay a lower price.   Plaintiffs have suffered injury-in-fact and actual damages resulting from Defendants' material omissions because had they known that the Class Refrigerators equipped with Control Panels contained defects, they would not have purchased the Class Refrigerators or would have paid less for them.

140.   As a result of Defendants' forementioned acts and practices, Defendants have been and will be unjustly enriched at the expense of Plaintiffs.

141.   The aforementioned unlawful or unfair business acts or practices conducted by Defendants have been committed in the past and continues to this day. Defendants have failed to acknowledge the wrongful nature of its actions. Defendants have not provided full restitution of all monies acquired or retained by Defendants as a result of the aforementioned unlawful or unfair business acts or practices.

142.   Pursuant to California Business & Professions Code § 17203, Plaintiffs and the Class seek a restitution order of this Court requiring Defendants to pay all monies withheld and/or retained by Defendants as a result of the aforementioned unlawful or unfair business acts or practices, and additionally seeks an order of this Court for interest and an award of reasonable attorneys' fees and costs pursuant to, *inter alia*, the Cal. Code of Civil Procedure § 1021.5.

143.   Pursuant to the California Business & Professions Code § 17203, Plaintiffs and the Class additionally seek an order of this Court for equitable and/or injunctive relief in the form of requiring Defendants to correct their wrongful practices and to publicizing a notice of the corrective action to rectify and stop these wrongful practices.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, pray for judgment against Defendants, and each of them, as follows:

A. That the class claims be certified on behalf of the proposed plaintiff Class and Plaintiffs be appointed as the representatives of the Class;

B. For an award of general, compensatory and consequential damages according to proof;

C. For an award of past and future economic damages, according to proof;

D. For an award of past and future non-economic damages, according to proof;

E. For punitive damages, according to proof;

F. For an award of statutory damages and penalties, according to proof;

G. For an order requiring Defendants to pay restitution of all amounts owed to Plaintiffs and members of the Class, in an amount according to proof, pursuant to Cal. Business & Professions Code § 17203;

H. For an order requiring Defendants to correct their illegal conduct, pursuant to Cal. Business & Professions Code § 17203 and Cal. Civil Code § 1780(a)(2);

I.  For an award of reasonable attorneys' fees and costs, including expert witness fees as costs, as provided by statute;

J.  For an award of costs of suit herein, as provided by statute;

K. For an award of prejudgment and post judgment interest, as provided by statute; and

L.  For such further relief as this Court deems necessary, just, and proper.

Dated: November 13, 2020                    **KEEGAN & BAKER LLP**

By:   s/ *Patrick N. Keegan*
      Patrick N. Keegan, Esq.
      Attorney for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and the Class, hereby demands a jury trial on all claims for relief and all issues to which they have a right to a jury trial.

Dated: November 13, 2020                    **KEEGAN & BAKER LLP**

By:  <u>s/ *Patrick N. Keegan*</u>
        Patrick N. Keegan, Esq.
        Attorney for Plaintiffs

CLASS ACTION COMPLAINT

**DECLARATION OF KIMBERLY CHEBEGIA RE PROPER VENUE**

I, Kimberly Chebegia, hereby declare as follows:

1. I am a plaintiff in the above entitled class action. If called as a witness, I could and would testify competently thereto. I submit this Declaration pursuant to Cal. Civil Code § 1780(d) and in support of my Class Action Complaint.

2. Venue is proper in this Court because I purchased and accepted delivery of a new KitchenAid Refrigerator, Model No. KRFF707ESS01 (S/N K64306682), in my home located in San Diego County, California on or about November 14, 2016.

3. I declare under penalty of perjury that the foregoing is true and correct and this declaration is executed this 12th day of November, 2020.



_____
Kimberly Chebegia

**DECLARATION OF KRISTOPHER SPEAR RE PROPER VENUE**

I, Kristopher Spear, hereby declare as follows:

1.  I am a plaintiff in the above entitled class action. If called as a witness, I could and would testify competently thereto.  I submit this Declaration pursuant to Cal. Civil Code § 1780(d) and in support of my Class Action Complaint.

2.  Venue is proper in this Court because I purchased and accepted delivery of a new KitchenAid Refrigerator, purchased and accepted delivery of a new KitchenAid Refrigerator, Model No. KRFF707ESS01 (S/N K84700802), in my home located in Orange County, California on or about January 31, 2019.

3.  I declare under penalty of perjury that the foregoing is true and correct and this declaration is executed this 12th day of November, 2020.



_____
Kristopher Spear